1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY A.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C20-5995 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of

plaintiff's application for Supplemental Security Income disability benefits.

The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13. For the reasons set forth below, the Court REVERSES AND REMANDS

defendant's decision to deny benefits.

## I.   ISSUES FOR REVEW

1.  Did the ALJ err in evaluating the opinion of Dr. Eisenhauer?

2.  Did the ALJ err in not evaluating Dr. Neims' 2017 evaluation?

3.  If the case is remanded, should a new ALJ be assigned?

## II.   BACKGROUND

Plaintiff filed an application for SSI on February 10, 2018, alleging disability

beginning August 1, 2017. Administrative Record ("AR") 13. Plaintiff's claim was initially

denied on May 30, 2018, and upon reconsideration on August 17, 2018. Plaintiff filed a

1   written request for a hearing, which was received on September 14, 2018. The hearing

2   was held on October 29, 2019 before Administrative Law Judge M.J. Adams. On

3   November 29, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

4   AR 10. The Appeals Council denied Plaintiff's request for review. AR 5. Plaintiff seeks

5   judicial review of the ALJ's November 29, 2019 decision. Dkt. 4.

6               III.    <u>STANDARD OF REVIEW</u>

7        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8   denial of Social Security benefits if the ALJ's findings are based on legal error or not

9   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

10   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

12   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

13               IV.    <u>DISCUSSION</u>

14        In this case, the ALJ found plaintiff had the severe, medically determinable

15   impairments of depression, anxiety, and post-traumatic stress disorder (PTSD). AR 15.

16   The ALJ determined plaintiff has the Residual Functional Capacity (RFC) to perform a

17   full range of work at all exertional levels but with the following non-exertional limitations:

18
19
20         The claimant can understand, remember, and carry out simple
instructions, and exercise simple workplace judgment. He can perform
work that is learned on the job in less than 30 days b[y] short
demonstration and practice or repetition. The claimant can respond
appropriately to supervision, but should not be required to work in close
21         coordination with coworkers where teamwork is required. He can deal with
occasional changes in the work environment and can work in jobs that
22         require only casual interaction or contact with the general public.

23
24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1  AR 16-17. Relying on vocational expert ("VE") testimony, the ALJ found that

2  Plaintiff could perform other jobs; therefore, the ALJ determined at step five of

3  the sequential evaluation that Plaintiff was not disabled. AR 19-20.

4     The jobs suggested by the Vocational Expert and identified as

5  representative occupations by the ALJ were -- warehouse worker, janitor, and

6  industrial cleaner. AR 20. The Vocational Expert acknowledged on cross-

7  examination that interactions with co-workers would be required. AR 45.

8     During the hearing, the ALJ asked some impatient questions, and made

9  negative remarks to plaintiff – apparently expressing frustration or hostility toward

10 plaintiff. E.g. AR 30 (when plaintiff had difficulty describing a dishwashing job, the

11 ALJ asked, "It's pretty simple, wasn't it? You'd go back there and start washing

12 some dishes or what?"); AR 32 (after plaintiff stated that he received government

13 benefits, the ALJ asked, "Nothing else that you get free of charge from the

14 state?" and after plaintiff replied "no", the ALJ asked about medical care. Plaintiff

15 responded that he has free medical care, and the ALJ retorted, "Thousands of

16 dollars' worth of medical care, right?", and plaintiff responded, "yes"; then the ALJ

17 said, "And you don't pay a dime for it, do you?"); AR 34-35 (after plaintiff stated

18 he has a "lot of depression, a lot of stress", the ALJ commented that: "Well,

19 stress is caused sometimes from being out of money. You're out of money, aren't

20 you?" and plaintiff replied, "yes"; the ALJ then said, "And you know how to solve

21 that, don't you? Maybe not."); AR 37-38 (after plaintiff described his living

22 arrangements, and stated that he resides in the same trailer with other

23 individuals who are receiving government benefits, the ALJ remarked that plaintiff

24

25

1   may have a common goal with his roommates of obtaining disability benefits, and

2   the ALJ concluded, "You don't care about ever going to work and being

3   productive and paying taxes?", and plaintiff responded, "I don't know." The ALJ

4   stated, "You don't know. Well, the best evidence is your actions, which

5   apparently you're opposed to that, is that right?", to which plaintiff replied, "Yes,

6   sir." And the ALJ commented: "Okay. Well, good luck to you on that pursuit.").

7   I.   Did the ALJ err in evaluating the opinion of Dr. Eisenhauer?

8         The March 27, 2017 regulations concerning medical evidence apply to the ALJ's

9   evaluation of medical opinions in this case. Under these regulations, the ALJ must

10  articulate and explain the persuasiveness of an opinion or prior finding based on

11  "supportability" and "consistency," the two most important factors in the evaluation. 20

12  C.F.R. § 404.1520c(a), (b). The "more relevant the objective medical evidence and

13  supporting explanations presented" and the "more consistent" with evidence from other

14  sources, the more persuasive a medical opinion or prior finding. *Id.* at (c)(1)-(2). At the

15  least, these regulations would require an ALJ to specifically account for the legitimate

16  factors of supportability and consistency in addressing the persuasiveness of a medical

17  opinion. The Court must also determine whether the ALJ's analysis is supported by

18  substantial evidence. See 42 U.S.C. § 405(g) ("findings of the Commissioner of Social

19  Security as to any fact, if supported by substantial evidence, shall be conclusive").

20        Plaintiff argues that the ALJ erred when he failed to acknowledge Dr.

21  Eisenhauer's opinion concerning Plaintiff's limitations in social function. Dkt. 18 at 3. Dr.

22  Eisenhauer, a medical consultant, provided her opinion of Plaintiff's medical limitations

23

24

25

on August 18, 2018. AR 70-73. She found plaintiff's ability to carry out detailed

instructions would be markedly limited. AR 71. She determined that Plaintiff would:

> retain[ ] an ability to carry out three step instructions. Ongoing
> psych[ological] symptoms would interfere with [his] ability to maintain
> sustained concentration, regular attendance and to persist through a
> normal workweek, especially if in proximity to others, which the claimant
> might find distracting. However, these impairments are not so severe that
> they would prevent claimant from being able to sustain three step tasks in
> a reasonably consistent manner within a 40 hour workweek on a regular
> and continuing basis.

AR 72. Dr. Eisenhauer further found that Plaintiff can interact appropriately with the

public and coworkers when interactions are "infrequent, routine, and superficial, and can

"interact with a supervisor to ask and accept simple instructions." AR 72.

In evaluating Dr. Eisenhauer's and Dr. Robinson's opinions (AR 56-59, Dr.

Robinson, another state agency medical consultant, provided an opinion dated 5-24-

2018), the ALJ found the findings regarding understanding and remembering

detailed/complex tasks/instructions, and the outlined social limitations, were not fully

consistent with the record. AR 18. Rather, the ALJ found that the Plaintiff's testimony

supported greater social limitations and limitations to simple tasks. *Id.* But as plaintiff

points out, Dr. Eisenhauer's opinion found Plaintiff to have greater social limitations than

those found by Dr. Robinson.

The Ninth Circuit has "recognized that harmless error principles apply in the

Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (collecting cases)). An error is harmless if it is not prejudicial to the claimant

or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

*Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see*

1   *Molina*, 674 F.3d at 1115. It appears the ALJ either overlooked, or misinterpreted Dr.

2   Eisenhauer's opinion. The decision on disability rests with the Social Security

3   Administration, *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) and the ALJ's lack

4   of clarity regarding whether any consideration of Dr. Eisenhauer's opinion was actually

5   accomplished, makes it difficult for this Court to be confident about how the ALJ would

6   utilize this evidence. Therefore, the Court reverses and remands for further

7   consideration of Dr. Eisenhauer's opinion and to accept additional evidence as

8   necessary to clarify the plaintiff's RFC.

9   II.    Did the ALJ err in failing to address Dr. Neims' 2017 opinion?

10   Dr. Neims evaluated the Plaintiff in August 2017 and in August 2019. AR 326; AR

11   467. The ALJ addressed Dr. Neims' 2019 opinion, but did not address the 2017 opinion;

12   the ALJ found the 2019 opinion was not persuasive because "it was not a function by

13   function assessment, but was a conclusive statement on disability, which is an issue

14   reserved to the Commissioner." AR 18. Plaintiff argues that the ALJ erred in not

15   evaluating Dr. Neims' 2017 opinion of Plaintiff.[1]

16   Medical opinions rendered before the period at issue can be of limited probative

17   value in ascertaining a claimant's functional capacity after his or her alleged onset date.

18   *See Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1165 (9th Cir. 2008)

19   (stating that "[m]edical opinions that predate the alleged onset of disability are of

20   limited relevance"). Under Social Security regulations, in order to evaluate an SSI

21   claimant's "complete medical history" the agency is required to consider medical

22

23

24   [1] Plaintiff does not challenge the ALJ's conclusion that Dr. Neims' 2019 opinion is not persuasive.

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

records for "at least" the 12 months preceding the month a claimant files an application. 20 C.F.R. § 416.912(b)(1)(ii).

Dr. Neims' first opinion was rendered less than 12 months before the period at issue. However, any error in the ALJ's failure to evaluate the 2017 opinion would likely be harmless. *Molina,* 674 F.3d at 1115. Dr. Neims assessed Plaintiff as anxious and moderately depressed. AR 326.

In evaluating Plaintiff, Dr. Neims found that Plaintiff's symptoms would have no, mild, or moderate impact on his ability to do the following basic work activities: understand, remember, and persist in tasks by following very short and simple instructions; understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule; maintain regular attendance and be punctual without special supervision; learn new tasks; perform routine tasks without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; be aware of normal hazards and take appropriate precaution; ask simple questions or request special assistance; communicate and perform effectively; maintain appropriate behavior; complete a normal workday and week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. *Id.* Dr. Neims did not find that Plaintiff's symptoms caused either a "marked" or "severe" effect on his ability to perform any basic work activity. *Id.*

Based on Dr. Neims' 2017 findings, the ALJ did not err in failing to assess this evaluation, and even if the ALJ did err, it was a harmless error.

1    III.    Should the Court remand for a hearing to be conducted by a different ALJ?

2    Plaintiff requests that the court direct the matter to a different ALJ on remand

3    because of the ALJ's comments and questions towards the plaintiff during the hearing.

4    Dkt. 18 at 9. Although a remand may be ordered solely on this claim, *see, Ventura v.*

5    *Shalala,* 55 F.3d 900 (3rd Cir. 1995) (Remanding without reviewing the substantive

6    issues because the ALJ's conduct toward plaintiff showed bias), in this case plaintiff did

7    not allege bias, or request another hearing with a different ALJ, when he appealed to

8    the Appeals Council. AR 300-310. Although it is understandable that plaintiff, or his

9    attorney, would have been hesitant to directly confront the ALJ about the negative

10   remarks during the hearing (perhaps believing it would be futile, or might make the

11   situation worse), if the ALJ's conduct was egregious, the party who is harmed by such

12   conduct should follow the Social Security regulation and raise the issue promptly. 20

13   C.F.R. § 404.940; *Schink v. Commissioner of Social Security,* 935 F.3d 1245, 1258-

14   1259 (11th Cir. 2019).

15   The ALJ's conduct during the hearing happened in the context of a claim for

16   benefits based mainly on medical evidence of mental illness. The record shows that

17   plaintiff had been assessed during the relevant period by different medical professionals

18   as suffering from mental illness -- including depression, post-traumatic stress disorder,

19   and anxiety disorder. AR 395-397 (psychiatry referral 4-2-2018), AR 421-452 (ongoing

20   assessment and treatment notes, between September 2018 and February 2019, by

21   Colleen Williams, DNP, showing the plaintiff was taking medication to address

22   depression, anxiety, and possible bipolar mental illness, and that plaintiff exhibited

23   suicidal ideation and memory impairment as to recent memory but not remote memory).

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

The medical professionals, in describing plaintiff's history of evaluation and treatment for mental illness, also explained that plaintiff stated a history of having been released from the military after he disclosed he was gay; having been sexually assaulted; and having been bullied while working as a dishwasher. AR 397, 465.

The ALJ was tasked with being an objective, neutral, and respectful arbiter of the issues. *See Reed v. Massanari,* 270 F.3d 838, 840-845 (9th Cir. 2001) (reversing and remanding for a new hearing with a different ALJ; emphasizing the importance of the ALJ's role as investigating facts and developing the record with both categories of evidence – that which tends to weigh in favor of, and also that which tends to weigh against, the claimant's case for benefits; also, pointing out the hearing is a non-adversarial proceeding intended to be an inquiry, rather than competitive adversarial litigation; and emphasizing the ALJ is tasked with allowing the claimant to fully develop the record); *Brown v. Saul,* 785 Fed. Appx. 376 (9th Cir. 2019) (unpublished) (remanding -- without reaching the substantive issues -- to the Social Security Administration for further review, when ALJ's objectivity and neutrality were challenged on the basis that the ALJ was allegedly biased against persons with Brown's characteristics and was therefore biased in his specific case; bias claim was raised at the administrative level and on judicial review).

In this case, the ALJ's comments and impatient questions are disturbing. An evaluation of the record, and information concerning possible bias, should be determined by the Commissioner according to their administrative processes, because plaintiff did not raise this claim to the ALJ or to the Appeals Council.

CONCLUSION

Defendant's decision to deny benefits therefore is REVERSED AND REMANDED.

The Commissioner is directed to provide the plaintiff with a new hearing before a different ALJ.

On remand, the ALJ shall reevaluate the opinion of Dr. Eisenhauer and take additional evidence as necessary to clarify the hypothetical for a Vocational Expert. The ALJ may then determine the RFC and make any additional findings.

As to the question of whether the ALJ was biased when conducting plaintiff's previous hearing, the Commissioner should review the record and evaluate the situation under applicable regulations and law.

Dated this 15th day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10